Oscar Mayer & Company, Inc., and others, Appellants,
v. Manson, Commissioner of Insurance, Respondent.

*March 6—April 2, 1963.*

522

For the appellants there were briefs by *Roberts, Boardman, Suhr, Bjork & Curry,* attorneys, and *Kenneth T. McCormick, Jr.,* of counsel, all of Madison, and oral argument by *Mr. McCormick.*

For the respondent there was a brief by *Charne & Tehan,* and oral argument by *Irvin B. Charne* and *Donald S. Taitelman,* all of Milwaukee.

GORDON, J. Because of the wording of their health and accident policies, the appellants contend that the order of the trial court levying an assessment is illegal as to them. With regard to a mutual insurance company, such as is involved in the instant case, the statutory scheme in Wisconsin provides that a policyholder, as a condition of membership, "shall be liable for a pro rata share of losses and expenses." Sec. 201.02 (3) (d), Stats.

However, the liability of a member may be "limited according to law." Such limitation, according to sec. 201.02 (5), Stats., requires a dual recitation of the limitation. It must be set forth in the articles of the company and also expressed in every policy. If both these requirements are met, the liability of a member may be restricted to "a specified number of times the annual premium."

Under the statute the full pro rata burden falls upon a member unless the authorized limitation appears in *both* the articles and the policy. If the limitations expressed in the two places are basically different from each other, the statutory requirement has not been satisfied. A majority of the members of the court conclude that in the case at bar there is a material difference between the articles and the policies.

While the articles state that "the contingent mutual liability of the members is limited to *one additional annual* premium," the language of the policies is not the same. In the Oscar Mayer & Company policies the contingent liability

is limited to the "premium expressed in the policy," and in the John Morrell & Company policies it is limited to "one times the premium expressed in the policy."

In the policies of both companies the premium is expressed as a *monthly* premium, whereas the articles of incorporation specifically provide liability for an *annual* premium. The appellants contend that the assessment made by the circuit court exceeds the liability stated in their policies, since an assessment of 20 percent of the annual premium for two years would in effect be an assessment of almost five times the monthly premium. They urge that the trial court erred in making an assessment which is not limited to the monthly premium asserted in the policies.

Also, the articles provide for an *additional* premium, whereas the policies, literally construed, purport to limit the liability to the premium itself. For example, the policy issued to the employees of John Morrell & Company limits the liability "to one times the premium expressed in the policy;" this would mean that there would be no contingent liability, since one times one equals one. Similarly, in the Oscar Mayer & Company policy the so-called "contingent liability" is purportedly limited "to the premium expressed in the policy," but since this sum, by hypothesis, has been paid already, it is not a contingent liability, nor is it an additional premium.

The articles and the policy provisions are radically at odds, so that the provisions of sec. 201.02 (5) (e), Stats., have not been met, and thus there is no effective limitation on the pro rata liability of the policyholders as permitted by sec. 201.02 (3) (d).

Some members of the court are of the belief that the language of the policies is ambiguous and should be construed as conforming to the language of the articles of incorporation. Under such view, there would be no inconsistency between

the policies and the articles; the policies would be deemed to express the same limitation as is asserted in the articles. While the majority of this court regards the clauses in the policies as being inconsistent with the articles for the reasons outlined above, it is to be observed that the result under either analysis would be the same. If there is consistency, the appellants would be liable for "one additional annual premium." If there is inconsistency, as the majority believes, there is no effective limitation under the statutes. In either case, the order of the trial court would be affirmed.

In our opinion, the trial court properly concluded that the appellants were liable for a pro rata share of the losses and expenses. *Kennan v. Rundle* (1892), 81 Wis. 212, 221, 51 N. W. 426. Further, the court's order that a member was liable in an amount equal to 20 percent of the earned premium for the years 1959 and 1960 was proper. *In re Builders Mut. Casualty Co.* (1938), 229 Wis. 365, 369, 282 N. W. 44. The limitation contained in the policies of the appellants was ineffective under sec. 201.02 (3) (d), Stats.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.